UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 11-21650-reb** |
| **CLARKESVILLE LIQUIDATION** | ) | **Chapter 7** |
| **INC.**, *et al.*, **f/d/b/a Scovill Fasteners** | ) | |
| **Inc.**, *et al.*, | ) | |
| | ) | |
| **Debtors.** | ) | |
| _____ | ) | |
| | ) | |
| **S. GREGORY HAYS, Chapter 7** | ) | |
| **Trustee,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Adv. Proc. No. 13-_____** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COVENTRY HEALTH CARE OF** | ) | |
| **GEORGIA, INC.**, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**COMPLAINT FOR THE AVOIDANCE AND RECOVERY OF TRANSFERS**

Plaintiff S. Gregory Hays, as Chapter 7 Trustee (the "Plaintiff" or "Trustee") for Debtors Clarkesville Liquidation Inc., *et al.*, f/d/b/a Scovill Fasteners Inc., *et al.* (collectively, the "Debtors") files this complaint, as follows:

**I.  INTRODUCTION**

1.     This Complaint seeks to avoid and recover from Coventry Health Care of Georgia, Inc. ("Defendant"), or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of Defendant by Debtor Scovill Fasteners, Inc. ("SFI") during the ninety-day (90) period prior to the filing of the Debtors' bankruptcy petitions pursuant to 11

*ATL 19053445v1*

U.S.C. §§ 547 and 550.  Subject to proof, the Complaint also seeks to recover  pursuant to 11 U.S.C. § 548 any transfers that may have been a fraudulent transfer.

## II.  JURISDICTION, PARTIES AND VENUE

2.     On April 16, 2011 (the "Petition Date"), the Debtors filed their voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Northern District of Georgia.

3.     On July 12, 2011, the Trustee was appointed as chapter 7 trustee for the Debtors' bankruptcy estates.

4.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1409(b).

6.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.     The Defendant is a Georgia corporation.  It can be served by United States mail pursuant to Fed. R. Bank. P. 7004(b)(3) through its registered agent, National Registered Agents, Inc., Registered Agent for Coventry Health Care of Georgia, Inc., P.O. Box 927, Princeton Junction,  NJ 08550-0927

## III.  FACTUAL BACKGROUND

8.     The Debtors' records reflect that the Defendant received payments from SFI in the form of cash, check, cashier's check, credits, or wire transfer within the ninety days immediately preceding the Petition Date in the aggregate amount of $404,556.46 (together with any additional payments that were made by SFI to the Defendant within the ninety days immediately preceding the Petition Date, the "Transfers"), which Transfers were interests of SFI in property.  The Transfers are set forth in more detail on Exhibit A.

## COUNT I - AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. §§ 547 & 550

9. The Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

10. The Transfers constitute avoidable preferential transfers pursuant to 11 U.S.C. § 547.

11. The Transfers were to or for the benefit of the Defendant.

12. The Transfers were made for or on account of an antecedent debt or debts owed by SFI to the Defendant before the Transfers were made.

13. The Transfers were made while SFI was insolvent.

14. The Transfers were made within the ninety days preceding the Petition Date.

15. The Transfers enabled the Defendant to receive more than it would have received if: (i) this case were a case under chapter 7 of the Bankruptcy Code; (ii) if the Transfers had not been made; and (iii) if the Defendant received payment on the subject antecedent debt(s) in accordance with applicable provisions of the Bankruptcy Code.

16. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to 11 U.S.C. § 547 and, in accordance with 11 U.S.C. § 550, the Trustee may recover from the Defendant the amount of the Transfers, plus interest.

## COUNT II - AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 548 & 550

17. The Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

18. Subject to proof, the Plaintiff pleads in the alternative that to the extent one or more of the Transfers were not on account of an antecedent debt or a prepayment for goods and/or services subsequently received, SFI did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

A. SFI was insolvent on the date that the Transfers(s) and/or Post-Petition Transfer(s) were made or became insolvent as a result of the Transfer(s); or

B. SFI was engaged in business or a transaction, or were about to engage in business or a transaction, for which any property remaining with SFI was an unreasonably small capital; or

C. SFI intended to incur, or believed that it would incur, debts that would be beyond SFI's ability to pay as such debts matured.

19.    In accordance with the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III - DISALLOWANCE OF ALL CLAIMS

20.    The Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

21.    Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

22.    Defendant is a transferee of the Transfers avoidable under 11 U.S.C. §§ 547 or 548.

23.    Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

24.    Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant and/or its assignee against SFI's chapter 11 estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

25.    Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors

or Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the Transfers.[1]

WHEREFORE, the Plaintiff prays as follows:

(a)    that the Court enter a judgment avoiding the Transfers as preferential pursuant to 11 U.S.C. § 547;

(b)    or, alternatively, that the Court enter a judgment avoiding the Transfers as fraudulent pursuant to 11 U.S.C. § 548;

(c)    pursuant to 11 U.S.C. § 550(a), a money judgment in the amount of $404,556.46 be rendered in favor of the Plaintiff and against the Defendant;

(d)    disallowing, in accordance with 11 U.S.C. § 502(d), any Claims held by the Defendant and/or its assignee until the Defendant satisfies the judgment;

(e)    disallowing, in accordance with 11 U.S.C. § 502(j), any Claims held by the Defendant and/or its assignee until the Defendant satisfies the judgment;

(f)    judgment be rendered in favor of the Plaintiff and against the Defendant for reasonable attorneys' fees and costs incurred in prosecuting the causes of action herein;

(g)    that all costs of this action be assessed against the Defendant; and

(h)    for such other and further relief as is just and proper.


[Signature appears on following page.]

---

[1] The Plaintiff reserves the right to object to any claims of the Defendant on any other grounds.

ATL 19053445v1                                                5

Dated:  April 10, 2013

GREENBERG TRAURIG, LLP

<u>        /s/ John D. Elrod        </u>
John D. Elrod
Georgia Bar No. 246604
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia  30305
Telephone - (678) 553-2259
Facsimile - (678) 553-2269
elrodj@gtlaw.com
*Attorneys for Plaintiff S. Gregory Hays, as Chapter
7 Trustee for Clarkesville Liquidation Inc., et al.*

*ATL 19053445v1*

6

# EXHIBIT A

| Vendor Name | Date | Check or Wire # | Check Amount |
|---|---|---|---|
| Coventry Health Care of Georgia, Inc. | 01/28/2011 | 47115 | 72,833.55 |
| Coventry Health Care of Georgia, Inc. | 02/04/2011 | 47168 | 72,833.55 |
| Coventry Health Care of Georgia, Inc. | 02/11/2011 | 47236 | 72,833.55 |
| Coventry Health Care of Georgia, Inc. | 02/18/2011 | 47360 | 72,833.55 |
| Coventry Health Care of Georgia, Inc. | 03/18/2011 | 47742 | 113,222.26 |
| | | | **$404,556.46** |

*ATL 19053445v1*